# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| April Pasley,<br><br>   Plaintiff,<br><br>vs.<br><br>ER Solutions, Inc., *a foreign corporation*,<br><br>   Defendant. | Civil File No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Defendant's Invasion of Plaintiff's Privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d) and under 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff April Pasley ("Pasley" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant ER Solutions, Inc., ("ER" or "Defendant"), upon information and belief, is a foreign corporation that operates as a debt collection agency from an

address of 800 SW 39th Street, Renton, Washington 98057. ER is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with Qwest, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before December 2010.

9. On or about December 27, 2010, Plaintiff mailed a letter to ER via certified U.S. mail.

10. In the letter dated December 27, 2010, Plaintiff requested that ER cease and desist all collection efforts against Plaintiff.

11. ER received the letter dated December 27, 2010 on December 31, 2010. *See* Exhibit 1.

12. On or about January 5, 2011, Plaintiff received a telephonic message from ER in an attempt to collect this debt from Plaintiff.

13. On or about January 10, 2011, Plaintiff received a telephonic message from ER in an attempt to collect this debt from Plaintiff.

14. On or about January 12, 2011, Plaintiff received a telephonic message from ER in an attempt to collect this debt from Plaintiff.

15. ER violated 15 U.S.C. § 1692c(c) of the FDCPA because ER continuously communicated with Plaintiff in an attempt to collect this debt from Plaintiff after ER received a written notice from Plaintiff to cease and desist all communications with Plaintiff.

16. ER violated 15 U.S.C. § 1692d of the FDCPA because ER engaged in conduct the likely consequence of which was to harass, oppress and abuse Plaintiff.

17. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by ER.

18. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of ER's acts and omissions.

### *Respondeat Superior Liability*

19. The acts and omissions of Defendant's employees, who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, ER.

20. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by ER in collecting consumer debts.

21. By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, ER.

22. Defendant ER is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in

violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

24. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

25. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

26. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

27. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

28. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29. Plaintiff incorporates by reference each and every above paragraph as though fully stated herein.

30. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> *Abusive debt collection practices contribute* to the number of personal bankruptcies, to marital instability, to the loss of jobs, and *to invasions of individual privacy*.
>
> 15 U.S.C. § 1692(a) (emphasis added).

31. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff.

32. Defendant intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

33. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns or affairs.

34. The conduct of Defendant in engaging in the above-described illegal attempts to collect this debt resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a reasonable person in that position.

35. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant under the doctrine of Respondeat Superior liability.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial;

### COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- For an award of actual and compensatory damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in a reasonable amount in excess of $50,000.00; and
- For such other and further relief as may be just and proper.

Dated:  May 19, 2011.　　　　　　　**MARSO AND MICHELSON, P.A.**


　　　　　　　　　　　　　　　　　By:　s/Patrick L. Hayes
　　　　　　　　　　　　　　　　　　　　Patrick L. Hayes (0389869)
　　　　　　　　　　　　　　　　　　　　William C. Michelson (129823)
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　3101 Irving Avenue South
　　　　　　　　　　　　　　　　　　　　Minneapolis, Minnesota 55408
　　　　　　　　　　　　　　　　　　　　Telephone: 612-821-4817
　　　　　　　　　　　　　　　　　　　　phayes@marsomichelson.com
　　　　　　　　　　　　　　　　　　　　bmichelson@marsomichelson.com